XUE HONG CHEN, Zhi Xiong Liu, Petitioners,

v.

Eric H. HOLDER, Jr., United States Attorney General,* Respondent.

No. 08–5189–ag.

United States Court of Appeals, Second Circuit.

July 9, 2009.

Gary J. Yerman, New York, NY, for Petitioners.

Michael F. Hertz, Acting Assistant Attorney General; Greg D. Mack, Senior Litigation Counsel; Kristina R. Sracic, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Civil Division, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, and JON O. NEWMAN and WALKER, Circuit Judges.

## SUMMARY ORDER

Petitioners Xue Hong Chen and Zhi Xiong Liu, both natives and citizens of the People's Republic of China, seek review of an October 3, 2008 order of the BIA denying their motion to reopen. *In re Xue Hong Chen, Zhi Xiong Liu,* Nos. A095 841 495, A096 259 781 (B.I.A. Oct. 3, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Petitioners' untimely motion to reopen.

Petitioners argue that the BIA erred in concluding that they failed to demonstrate

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Acting Attorney General Peter D. Keisler as respondent in this case.

**10**

either material changed country conditions sufficient to excuse the time limitation for filing their motion to reopen or their *prima facie* eligibility for relief. However, these arguments fail where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or an objectively reasonable fear of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Contrary to Petitioners' argument, the BIA reasonably declined to credit their unauthenticated evidence given the agency's underlying adverse credibility determination. *See Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 146–47 (2d Cir. 2007); *see also Siewe v. Gonzales,* 480 F.3d 160, 170 (2d Cir.2007). Additionally, the BIA properly found that Petitioners failed to demonstrate that they may face economic sanctions amounting to persecution where they submitted no evidence concerning their financial situation. *See Guan Shan Liao v. U.S. Dep't of Justice,* 293 F.3d 61, 70 (2d Cir.2002).

Petitioners waive any challenge to the BIA's finding that they were ineligible to file a successive asylum application based on their changed personal circumstances.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former

*See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).